Judge Marshall
delivered the Opinion of the Court.
This was an action of assumpsit brought by Jesse Daniel, as administrator.of Beverly Daniel, against Henry Daniel; and, by consent, the same defence was relied on, “by plea or otherwise,” as in the action of covenant then pending between the same plaintiff in his own right and Henry Daniel, and which has just been decided.
At the September tei’m, 1835, of the Montgomery Circuit Court, the cause, by consent, was referred (as the order then entered in the order book states,) to Richard Apperson and Levi Y. Millspaugh, to be heard and decided at the same time and place withVthe action of covenant above referred to. And, at the September term, 1836, the referees returned on award, in which, after stating that they had heard the testimony and arguments of counsel, they say — “We not agreeing called on Thomas Hoffman as umpire, who, after having been duly sworn according to law, with us make the following award.” And then stating an account which shows a balance of three hundred and forty six dollars ninety •seven and a half cents against H. Daniel, award that he shall pay it. And the Court, notwithstanding the exceptions of the defendant to the award, rendered judgment for that amount.
The exceptions to this award are substantially the same as those which have been stated in the opinion just rendered (in the case upon the action of covenant,) with an additional one, which calls in question the right of the arbitrators under the order, to choose an umpire, and the right of the umpire so chosen, to decide the case.— To obviate this objection, and after it was made, the order of reference was, on the plaintiff’s motion, so amend *99 ed as to refer the case to the two arbitrators mentioned, “or their umpire;” and the defendant having excepted to the opinion of the Court permitting the amendment— the correctness of that opinion is the first question to be decided.
The amendment was made- from the minute book of the clerk, in which it appears that, immediately succeeding the entry of the reference in the covenant case to Apperson and Millspaugh “or their umpire,” &c. the following entry was made in this case, viz: “Submitted to same arbitrators, at the same time, on same evidence (except the first plea,”) &c. Can it be safely inferred from this entry, that the order intended to be indicated, embraced not only ‘the same arbitrators,’ but their umpire? It is quite probable that the clerk may have been directed to make an order for the same reference in this case as in the other; and we see no reason why a distribution should have been made or intended by the parties, it being apparent that the same subject matter was embraced in both the cases. But the parties had the right to limit the reference in the one case, without doing it in the other. The literal import- of the entry is, that they did so limit it in this case. There is no invariable usage of making the alternative reference to the umpire, which would necessarily attach that alter: native to the reference to arbitrators; And although, by a very liberal construction of the word ‘arbitrators,’ it might be understood as extending to the umpire as well as the arbitrators, yet there is, in. legal and in common use of the terms, a difference between them, plain and well understood. That the word arbitrators, in its most extended signification, may embrace an umpire, only proves that the amended record may possibly not be in contradiction of the original order, as indicated by the minutes; it does not prove that amended order was the order originally intended to be indicated.— Nothing but the minutes themselves could prove this. Taking the words in their ordinary legal acceptation, they do -not prove it. And as the order, entered from this minute, by the clerk who made it, and under the inspection of the judge, who must have understood it. *100 conforms to the ordinary legal acceptation of the term ‘arbitrators,’ by confining the reference to the two persons named as ai’bitrators in the other case, we think this fact furnishes evidence of an intention so to confine the reference, stronger than any inference which could be drawn from the mere similarity or identity of the two cases; and that it would be unsafe, and was in fact erroneous, to amend the record after the expiration of the term, so as to extend the reference beyond the natural import of the minute, upon mere speculation as to what may have been intended by the parties or the Court.
Regarding the case, therefore, as if the original record had not been amended, the arbitrators clearly had no authority to call in an umpire. And as he not only participated in the award, but actually decided the case upon the disagreement of the arbitrators, there was no award according to the order of reference, and this exception should have prevailed.
In this case, as in that just decided, there is an exception on the ground that the umpire decided without hearing the evidence, and also, that a palpable mistake was made in failing to give the same credit referred to in the other case; the , effect of which credit would, in this case, as in the other, have changed the balance of the account. The same evidence was also introduced, both with regard to the condtict of the arbitrators, and the merits of the case. We deem it, however, unnecessary to add any thing on these points to what has just been said in the other case.
For the error of not setting aside the award upon the exceptions taken, the judgment is reversed, and the caus,e remanded with instructions to set aside the award, and for further proceedings, not inconsistent with this opinion. ,